UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN BELDEN                                                                                                  PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:16CV-P511-TBR

SCOTT JORDAN *et al.*                                                                                    DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court upon a motion to compel discovery and for issuance of a subpoena (DN 26) by *pro se* Plaintiff John Belden. Defendant Ryan Ramey filed a response (DN 27), and Plaintiff filed a reply (DN 30).

In the motion to compel, Plaintiff states that Defendant Ramey responded to his "First Request for Production of Discovery" by sending him "only (4) four documents the defendant [] had in 'his possession.'" He argues that "defendant's counsel has the unrestricted access to the requested documents and the legal authority and right to obtain them for request, by law." In the motion, Plaintiff also asks for additional time to identify the unknown Defendants in this case; for the issuance of a subpoena to the Records Department Supervisor at Luther Luckett Correctional Complex (LLCC) for the requested discovery; for an order directing preservation of the video footage regarding the matters in question; and for an order directing Defendant to pay the expenses related to preparation of this motion.

In response, Defendant Ramey argues that the materials that Plaintiff requested are not in Defendant Ramey's possession, custody, or control as Defendant Ramey was sued in his individual capacity and is no longer an employee of the Kentucky Department of Corrections (KDOC). He further argues that Plaintiff has the same means available to him as Defendant Ramey does for obtaining documents from the KDOC, which is not a party to this action.

In reply, Plaintiff asserts that "'Defendant's Counsel is a attorney with Justice and Public Safety Cabinet which oversees and directs KyDoc." Plaintiff also asserts that he does not have the same access to the materials as Defendant because he is indigent and because he already has attempted to gather the discovery "by other means (open records act) and have been denied." He attaches exhibits to his motion showing his attempts to obtain the discovery on his own. In his reply, Plaintiff also requests appointment of counsel "to assist in preparing case and gathering discovery for trial."

In his reply, Plaintiff asks the Court to "subpoena" the documents he has requested if he cannot obtain them through a motion to compel.

Upon review, the Court finds Defendant's arguments unpersuasive. Rule 34(a) of the Federal Rules of Civil Procedure requires the production of requested documents that are in the possession, custody, or control of the party upon whom the request is served. Under Rule 34, "control" means "the legal right to obtain the documents requested upon demand" and is broadly construed. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *accord Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *Gen. Envtl. Sci. Corp. v. Horsfall*, 136 F.R.D. 130, 133 (N.D. Ohio 1991). Indeed, "courts have also interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, *irrespective of his legal entitlement.*" *In re Nasdaq Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996) (internal quotation omitted) (emphasis added).

Defendant claims that he was sued in his individual capacity and is no longer employed by the KDOC. Courts have held that prison officials who were sued in their individual capacities but employed by the department of corrections can generally obtain documents from the department of corrections by requesting them and that they, therefore, have constructive control

over the requested documents and must produce them. *See, e.g.*, *Wick v. Angelea*, No. 2:09-CV-1027-GEB-EFB, 2013 WL 4432394, at *3 (E.D. Cal. Aug. 16, 2013).

Here, while Defendant is sued in his individual capacity, he is not currently employed by the KDOC. As Plaintiff points out, however, Defendant Ramey is represented by counsel for the KDOC and, therefore, should effectively have the ability through counsel to obtain the documents and videos requested from the KDOC. *See, e.g.*, *Gross v. Lunduski*, 304 F.R.D. 136, 143 (W.D.N.Y. 2014) (concluding that the department of corrections "and Defendant's interests are sufficiently aligned and closely interrelated in this case to support a finding that in defending a prisoner's claim of excessive force, such as Plaintiff's claim, the Defendant has the 'practical ability' to obtain documents held by [the department of corrections], although a non-party, as requested by Plaintiff"). Defendant Ramey does not dispute this argument. Further, because the Unknown LLCC Defendants that Plaintiff is trying to identify through discovery also likely will be represented by counsel for the KDOC, there should be other Defendants, who while also sued in the individual capacities, are currently employed by the KDOC, for whom counsel for the KDOC could eventually obtain the requested discovery. The Court, therefore, concludes that Defendant Ramey, through KDOC counsel, has constructive control over the KDOC documents and videos requested by Plaintiff.

As to Defendant Ramsey's assertion that the *pro se* prisoner Plaintiff has the same means available to him as Defendant Ramey does for obtaining documents from the KDOC, Plaintiff attaches documents to his reply showing that he has already attempted to obtain some of the materials through Open Records Requests but has been denied.

For these reasons, **IT IS ORDERED** that Plaintiff's motion to compel (DN 26) Defendant Ramey to produce the documents and videos sought in his First Request for Production of Discovery is **GRANTED**.

**IT IS FURTHER ORDERED that within <u>30 days</u> from entry of this Order, Defendant Ramey shall produce the requested documents and videos to Plaintiff and certify having done so or shall file an objection(s) to this Order and/or Plaintiff's First Request for Production of Discovery explaining why any or all requests cannot be produced.**

The Court notes that although Plaintiff requests the expenses in relation to this motion to compel, the Court declines to require such at this time. Although the payment of expenses is permitted by Rule 37(a), the Court finds that an award of expenses would be unjust in this circumstance where Plaintiff is proceeding *pro se* and has not explained how he incurred expenses simply by filing his motion.

Further, having granted Plaintiff's motion to compel, **IT IS ORDERED** that his motion for issuance of subpoena (DN 26) is **DENIED as moot**.

Plaintiff also requests the Court to order the KDOC, through LLCC's Records Department Supervisor, to preserve the video footage regarding his April 2016 claims. The Court is confident that Defendant and KDOC counsel are preserving all relevant evidence, including the requested video footage. The Court, nonetheless, **GRANTS Plaintiff's request for Defendants to preserve all evidence, including the video footage requested by Plaintiff**. The Court advises that **within 30 days** Defendant, in compliance with this Order, must produce the requested videos to Plaintiff or file an objection(s) to production of the videos.

Additionally, Plaintiff requests an extension of time in which he may amend to identify the Unknown LLCC Defendants and the Unknown Correct Care Defendants. **IT IS ORDERED** that Plaintiff's request for an extension (DN 26) is **GRANTED**. The Court will extend all deadlines by separate Order.

The Court notes that Defendant Jeffrey Ingram has only recently filed an answer in this matter. Plaintiff now may submit discovery requests to Defendant Ingram, if he already has not done so.

In his reply, Plaintiff also requests appointment of counsel "to assist in preparing case and gathering discovery for trial." By prior Memorandum and Order entered January 4, 2017 (DN 13), the Court already denied a request by Plaintiff for appointment of counsel. The Court concluded that Plaintiff showed the ability to represent himself sufficiently and that no extraordinary circumstances existed warranting appointment of counsel. Since the Court's entry of that Order, Plaintiff has continued to show the ability to represent himself in these proceedings though his filings (including the instant discovery filings) and has shown no change in circumstances that would warrant appointment of counsel. Accordingly, **IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel (DN 26) is **DENIED**.

Finally, **IT IS ORDERED** that Plaintiff's motion for ruling (DN 37) regarding the discovery matters is **DENIED as moot**.

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
4413.005